UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE YEARY, and <br> SHARON YEARY, <br>         Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF <br> AMERICA, and <br> GROVE INSURANCE ASSOCIATES <br> AGENCY, INC., <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-CV-0250-CVE-SH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Before the Court are plaintiffs' motion to remand (Dkt. # 17); defendant Safeco Insurance Company of America's response (Dkt. # 23); and plaintiffs' reply (Dkt. # 24). This case arises from an insurance coverage dispute as to plaintiffs' fishing dock. Dkt. # 17, at 2. On May 9, 2022, plaintiffs Mike and Sharon Yeary filed an amended petition in the District Court of Delaware County, Oklahoma, alleging numerous claims for relief against defendants Safeco Insurance Company of America (Safeco) and Grove Insurance Associates Agency, Inc. (GIAA). Dkt. # 17-1. On June 7, 2022, defendant Safeco timely removed the case to federal court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that "[d]efendant GIAA's Oklahoma citizenship should be disregarded for purposes of diversity jurisdiction because [p]laintiffs fraudulently joined this [d]efendant to the [s]tate [c]ourt action to prevent removal of the case to federal court." Dkt. # 2, at 2. On July 7, 2022, plaintiffs timely filed a motion to remand to the District Court of Delaware County. Dkt. # 17.

**I.**

The following allegations are from the amended petition in the underlying action: plaintiffs and defendant GIAA are citizens of Oklahoma, and Safeco is a foreign insurer licensed to do business in Oklahoma. Dkt. # 17-1, at 1. Plaintiffs engaged GIAA to help them procure a homeowner's insurance policy. Id. at 2. Plaintiffs requested a replacement cost value policy, and "specifically requested a policy that would fully replace their fishing dock in the event of a loss." Id. "GIAA's staff assured [p]laintiffs [that] they could [procure a replacement cost value policy] and represented to [p]laintiffs their familiarity with this type of insurance . . . and represented that GIAA could obtain the insurance coverage requested and agreed . . . to procure such coverage[.]" Id. at 6. GIAA procured the at-issue policy, issued by defendant Safeco, "based upon GIAA staff's inspection, measurements and valuation calculations." Id. at 7. "GIAA's staff [] represented to [p]laintiffs that the [Safeco] [p]olicy provided the full replacement coverage [that] [p]laintiffs requested . . . [and] that the [p]olicy they purchased was not subject to any exclusions." Id. at 9.

Plaintiffs' Safeco policy[1] states, in pertinent part, that the policy covers "the dwelling on the residence premises . . . [and] other structures on the residence premises, separated from the dwelling by clear space. This includes . . . other structures connected to the dwelling by only a fence, utility line, plumbing, or similar connection." Dkt. # 10-1, at 15. The policy states that it "cover[s] accidental direct physical loss to [the dwelling and other structures] except as limited or excluded." Id. Crucially, the policy "do[es] not cover loss caused directly or indirectly by any of the following

---

[1]  The Court notes that Safeco previously filed of record a copy of plaintiffs' policy (Dkt. # 10-1). The Court will consider the text of the policy because, when a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967).

excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." Id. These excluded perils include: 1) "pressure or weight of water . . . whether driven by wind or not, to a . . . wharf or dock"; 2) water damage, that is, "flood, surface water, waves, tidal water . . . overflow of a body of water, storm surge or spray from any of these, whether or not driven by wind, including hurricane or similar storm"; and 3) weather-related damage, if it is accompanied by damage caused by pressure or weight of water or other water damage. Id. at 17-18. Notably, "[n]either GIAA nor Safeco advised [p]laintiffs at any time that their insurance policy . . . did not contain specific coverage for their dock." Dkt. # 17-1, at 2.

On or about November 26, 2019, plaintiffs' dock sustained damage and plaintiffs subsequently filed a claim with Safeco "for the covered loss of the dock." Id. On or about March 12, 2019, Safeco denied plaintiffs' claim without inspecting the damaged dock. Id. at 3. "Safeco ultimately concluded that the damage to plaintiffs' boat dock resulted from wind driven waves and, based on a [p]olicy exclusion for damage resulting from pressure or weight of water to a dock, denied [p]laintiffs' claim." Dkt. # 10, at 2 (defendant Safeco's summary of the facts in its motion to dismiss); Dkt. # 17, at 2 (providing essentially the same reasoning for Safeco's claim denial as Safeco's motion to dismiss).

Consequently, on May 9, 2022, plaintiffs filed an amended petition in state court, alleging breach of contract (count 1) and bad faith (count 2) against defendant Safeco, and negligent procurement of insurance (count 3) and constructive fraud and negligent misrepresentation (count 4) against defendant GIAA. Dkt. # 17-1, at 3-11.

## II.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original).

### III.

Plaintiffs argue that Safeco is unable to establish diversity jurisdiction. Dkt. # 17, at 4. Specifically, plaintiffs, anticipating defendant's fraudulent joinder argument, contend that defendant GIAA was not fraudulently joined in this action because plaintiffs have asserted legitimate claims under Oklahoma law of negligent procurement of insurance (count 3), and constructive fraud and negligent misrepresentation (count 4). Id. at 4-5. Safeco responds that plaintiffs "have no possibility of recovery against GIAA on their state law causes of action and, therefore, [p]laintiffs' joinder of GIAA is properly characterized as fraudulent." Dkt. # 23, at 3.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: 1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or 2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder").

However, "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). "In fact, the standard for showing fraudulent

joinder is so stringent, due to the presumption in favor of a plaintiff's right to select their forum and join tortfeasors"; "the presumption against the exercise of removal jurisdiction due to federalism concerns"; "and the risk of a post-merits reversal for lack of jurisdiction that joinder may be considered legitimate even when the predicate claim would not survive on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Cross v. Clemons, No. CIV-21-00743-PRW, 2021 U.S. Dist. LEXIS 232822, at *4 (W.D. Okla. Dec. 6, 2021). "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'" Asbury v. N. Star Mut. Ins. Co., No. CIV-14-1331-HE, 2015 WL 588607, at *1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000); Hart, 199 F.3d at 246). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[2] "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id. Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

With respect to plaintiffs' negligent procurement of insurance claim (count 3), under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault,

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

insurance is not procured as promised and the insured suffers a loss." Swickey v. Silvey Companies, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" Rotan v. Farmers Ins. Group of Cos., 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing Swickey, 979 P.2d at 269). In discharging their duty to act in good faith and exercise reasonable care, skill, and diligence in insurance procurement,"insurance agents *need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds*, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" Id. (emphasis in original). If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. Rotan, 83 P.3d at 895. Oklahoma courts are in agreement that an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." Id.; Mueggenborg v. Ellis, 55 P.3d 452, 453 (Okla. Civ. App. 2002). "What is required is that the agent 'offer coverage . . . for needs that are disclosed by the insured.'" Asbury, 2015 WL 588607, at *2 (quoting Rotan, 83 P.3d at 895).

Given the above standard, the Court must evaluate whether, construing the facts in the light most favorable to plaintiffs, Safeco has met its burden to establish that plaintiffs have no possibility of recovery against GIAA. The Court finds that defendant Safeco is unable to show that plaintiffs have no possibility of recovery on their negligent procurement of insurance claim. Plaintiffs allege in their amended petition that they specifically requested an insurance policy that includes replacement cost coverage for their fishing dock. Contrary to Safeco's argument, such a request is not a general request for full coverage or adequate protection; rather, this is a specific coverage need disclosed by plaintiffs to GIAA. Moreover, plaintiffs allege that GIAA represented to plaintiffs that

they could procure such coverage, and represented to plaintiffs that the Safeco policy met plaintiffs' coverage requirements and did not contain any exclusions. In stark contrast to GIAA's alleged representations, the Safeco policy does not mention with specificity insurance coverage for a dock. Moreover, the policy specifically excludes coverage for 1) damage resulting from pressure or weight of water to a dock, regardless of whether driven by wind or not; and 2) water damage, such as: flood, waves, overflow of a body of water, or storm surge. Most egregiously, the Safeco policy exclusions are worded so broadly as to exclude weather-related damage, if it is accompanied by damage caused by pressure or weight of water or other water damage. In other words, the circumstances in which the Safeco policy may actually cover damage to plaintiffs' fishing dock are exceedingly narrow--a dock would most likely sustain damage by those perils that are specifically excluded. As a result, when plaintiffs submitted a claim for damage to their dock, Safeco denied the claim citing the policy exclusions. The Court finds that, because 1) plaintiffs specifically requested replacement cost value coverage for their fishing dock; 2) despite representations to the contrary, GIAA procured a policy that did not realistically provide coverage for plaintiffs' dock; and 3) plaintiffs suffered a loss as a result, a reasonable jury could find that GIAA breached its duty of care and negligently procured plaintiffs' insurance policy.

Because Safeco is unable to meet its burden to show fraudulent joinder as to plaintiffs' negligent procurement of insurance claim against GIAA, the Court need not reach plaintiffs' constructive fraud and negligent misrepresentation claim against GIAA. Accordingly, the Court finds that the claims against GIAA do not fail as a matter of law and the elements of fraudulent joinder have not been satisfied by the facts alleged. As a result, the Court finds that GIAA's citizenship should not be disregarded. Because plaintiffs and a properly joined defendant are not

completely diverse, the requirements for diversity jurisdiction were not met at the time this case was removed to federal court. Therefore, the Court lacks subject matter jurisdiction over this case, and the case must be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case, and the motion to remand (Dkt. # 17) is **granted**. The Court Clerk is directed to **remand** this case, including the pending motions to dismiss (Dkt. ## 10, 14), to Delaware County District Court.

**DATED** this 17th day of August, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE